UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHANNA GLENN,

                      Plaintiff,                  17-CV-25(LJV)(JJM)
                                                                          ORDER

    v.

KALEIDA HEALTH,

                      Defendant.
_____

On March 17, 2017, this Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7. The day before, on March 16, 2017, the defendant had moved to dismiss for failure to state a claim. Docket Item 5. In lieu of responding, the plaintiff filed an amended complaint, Docket Item 9, and by consent of counsel the original motion to dismiss was withdrawn, Docket Item 10. On April 17, 2017, the defendant again moved to dismiss for failure to state a claim, Docket Item 11, and on May 8, 2017, the plaintiff responded and cross-moved to amend the complaint a second time, Docket Item 13. Both sides then submitted replies, Docket Items 15 and 16, and the case was submitted without oral argument, *see* Docket Item 14.

On July 7, 2017, Judge McCarthy issued a Report and Recommendation finding that the defendant's motion to dismiss should be granted in part and denied in part, and that the plaintiff's motion to amend should be granted except for a duplicative claim and to the extent that certain allegations were time-barred. Docket Item 17. The parties did

not object to the Report and Recommendation, and the time to do so now has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's Report and Recommendation. Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy recommendation in its entirety.

The plaintiff—a Caucasian woman—claims that her employment was terminated and that she was the target of employment-related corrective action because she complained about a racially-based hostile work environment, not because of discrimination. And while she alleges that the higher-ups at her place of employment tolerated that hostile environment, she does not allege—except obliquely in an argument heading—that her employer took any adverse employment action against her for racial reasons. Her allegations of disparate treatment therefore do not state a claim upon which relief can be granted.

On the other hand, the plaintiff has adequately alleged her other claims, including hostile work environment, retaliation, and violations of the Americans with Disabilities Act of 1990 and the New York State Human Rights Law.

For those reasons, and for the reasons more clearly stated in Judge McCarthy's Report and Recommendation filed on July 7, 2017, the defendant's motion to dismiss is DENIED except as to the plaintiff's Title VII disparate treatment and 42 U.S.C. § 1981 claims. The plaintiff's cross-motion for leave to file a second amended complaint is GRANTED except as to the duplicative sixth cause of action.[1] And the case is returned to Judge McCarthy for further handling consistent with the referral dated March 17, 2017. See Docket Item 7.

SO ORDERED.

Dated: August 28, 2017
       Buffalo, New York

                                      ***s/Lawrence J. Vilardo***
                                      LAWRENCE J. VILARDO
                                      UNITED STATES DISTRICT JUDGE

---

[1] Judge McCarthy found that the plaintiff's motion to amend also should be denied insofar as it relies on time-barred conduct (i.e., "conduct that occurred more than 300 days prior to the filing of the EEOC charge.") to support the plaintiff's fifth cause of action. Docket Item 17. This Court agrees in principle but notes that whether conduct is time-barred may require some analysis and argument (e.g., whatever conduct is part of a continuing violation) that is inappropriate at this stage. For that reason, this Court grants the motion to amend except as to the sixth cause of action, with time-barred conduct to be sorted out later.